IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID MICHAEL KASHULA**, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. **08-413-MJR-CJP** |
| ) | |
| **WILLIAM MANIER, Parole Officer, and** ) | |
| **ANGELA CHENEY, Parole District** ) | |
| **Supervisor,**[1] ) | |
| ) | |
| Respondents. ) | |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is David Kashula's petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

Respondents filed a response at **Doc. 13.** The relevant portions of the state court record are attached thereto. Petitioner did not file a reply.

## Grounds for Habeas Relief

Kashula was convicted of two counts of forgery and one count of tampering with a public document in St. Clair County, Illinois, on January 21, 2005. (The conviction on the tampering count was later vacated, Doc. 13, Ex. L, and is of no relevance here.) He was sentenced to

---

[1] Petitioner named the "IDOC Parole Department" as the respondent. William Manier and Angela Cheney should be substituted as respondents in their capacities as parole officer and parole district supervisor. Rules Governing Section 2254 Cases, Rule 2(a).

1

concurrent sentences of three years imprisonment on the forgery counts.

The petition presents the following grounds for habeas relief:

1. Petitioner was not given "proper time-served credit."

2. Upon his release from Menard Correctional Center, petitioner was informed for the first time that his sentence also included a one-year term of supervised release.

3. Trial and appellate counsel were ineffective for refusing "to take action on any issued in this area."

### Respondents' Position

Respondents argue that the petition is moot because Kashula's one-year term of supervised release expired two days after the petition was filed. In addition, they argue that the points raised in the petition are all procedurally defaulted.

### Analysis

The petition states that the date of the conviction was August 17, 2006, but that is incorrect. As is demonstrated by the record attached to Doc. 13, the date of the conviction was January 21, 2005. Petitioner failed to appear for sentencing on February 23, 2005, and a bench warrant was issued. Doc. 13, Ex. B, C.

Petitioner was arrested in Luzerne County, Pennsylvania, on June 6, 2005, and was charged with aggravated assault, simple assault, and resisting arrest. Doc. 13, Ex. D. St. Clair County lodged a detainer on June 15, 2005. Doc. 13, Ex. F. On June 6, 2006, Kashula was convicted of simple assault and resisting arrest in Luzerne County, Pennsylvania, and was sentenced to one year of probation on each count, plus community service. Doc. 13, Ex. H.

Kashula was then returned to Illinois for sentencing on his 2005 conviction. On August

17, 2006, he was sentenced to three years imprisonment on each count, to be served concurrently.  Doc. 13, Ex. I.

Kashula was released from the IDOC and began serving his one-year term of mandatory supervised release (MSR) on June 10, 2007.  Doc. 13, Ex. A.  The habeas petition was filed on June 6, 2008, four days before the expiration of the one-year term of MSR.

Petitioner does not contest the validity of his underlying conviction.  Rather, he attacks only the validity of his one-year term of MSR.  As that term has expired, there is no relief that this Court could give to Petitioner, and the case is moot.  ***Spencer v. Kemna*, 118 S.Ct. 978, 988 (1998)(Mootness "deprives us of our power to act; there is nothing for us to remedy, even if were disposed to do so.")**.  Where a habeas petitioner attacks only the sentence, and not the validity of the underlying conviction, the expiration of the sentence renders the petition moot. ***D.S.A. v. Circuit Court Branch 1*, 942 F.2d, 1143, 1146-1147 (7th Cir. 1991)**.

Additionally, the petition must be denied because all of his claims are procedurally defaulted.

"Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court."  ***O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1731 (1999).** "[S]tate prisoners must give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  ***Id.*, at 1732; see also, 28 U.S.C. § 2254(c).**  In *O'Sullivan v. Boerckel*, the Supreme Court of the United States specifically addressed exhaustion under Illinois' two-tiered appellate process, holding that issues must be raised not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review (except under a limited number of

special circumstances, which are not applicable to this case).  ***O'Sullivan, Id.,* at 1732-1733.**

Petitioner can circumvent this bar to review if he is able to demonstrate cause for his procedural error **and** establish prejudice resulting from that error, i.e., "cause and prejudice." ***Howard v. O'Sullivan*, 185 F.3d 721, 726 (7th Cir. 1999)**; ***Coleman v. Thompson*, 111 S. Ct. 2546, 2565 (1991)**.  "Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts."  ***Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004)**.  In order to demonstrate prejudice, petitioner must show that the violation of his federal rights caused him actual and substantial prejudice.  *Id.*

Kashula filed a direct appeal of his conviction, but did not file a petition for leave to appeal to the Supreme Court.  He did not raise any issue with regard to his one-year term of MSR in his direct appeal.  See, Doc. 13, pp. 3-4.

Petitioner did attempt to raise the issue of credit for the time he was detained in Pennsylvania in state court.  He filed a motion for leave to file a habeas petition and a motion for leave to file a petition for mandamus relief in the Supreme Court.  These motions were filed while his direct appeal was pending.  On May 25, 2007, the Supreme Court transferred the petitions (which it did not grant leave to file) to the trial court with directions to consider them as a motion to modify Kashula's sentence.  Doc. 13, Ex. G, M, N.

The trial court set the motion to modify for hearing on August 17, 2007, after Petitioner had been released from the IDOC.  The hearing was continued twice, and appointed counsel moved to withdraw at Kashula's request in October, 2007.  The docket sheet does not indicate any further proceedings on the motion.  Doc. 13, Ex. R.  Thus, the issue raised therein was not

4

presented for one full round of state court review.

In *Toney v. Franzen*, **687 F.2d 1016, 1021 (7th Cir. 1982)**, the Seventh Circuit noted that "Under Illinois law, mandamus is clearly the appropriate procedure to compel the Department of Corrections to set petitioner's mandatory release date in accordance with law," citing *People ex rel. Abner v. Kinney*, **30 Ill.2d 201, 195 N.E.2d 651 (1964).** The Seventh Circuit held in *Toney* that a habeas petitioner must exhaust the mandamus procedure where it is available to protect the right asserted before seeking federal habeas relief. *Toney, id.* It is clear that Kashula did not exhaust either as to his motion to modify sentence or as to a state mandamus proceeding regarding the computation of his sentence. Further, he did not raise the issue of ineffective assistance of counsel in state court.

## Recommendation

Because the petition is moot, and because all points raised therein are procedurally defaulted, this Court recommends that David Kashula's petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 be **DENIED**.

Objections to this Report and Recommendation must be filed on or before **May 17, 2010.**

**Submitted:  April 30, 2010.**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **U. S. MAGISTRATE JUDGE**