IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID MICHAEL KASHULA,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | )  Case No. 08-cv-0413-MJR |
| | ) |
| **WILLIAM MANIER, Parole Officer, and** | ) |
| **ANGELA CHENEY, Parole District** | ) |
| **Supervisor,**[1] | ) |
| | ) |
| | ) |
| **Respondents.** | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On June 6, 2008, David Kashula, formerly incarcerated at Menard Correctional Center, filed a Petition for Writ of Habeas Corpus pursuant to **28 U.S.C. § 2254** (Doc. 1). Kashula does not contest the validity of his underlying conviction but rather attacks the validity of his one-year term of mandatory supervised release (MSR). Respondents contend that the petition is moot because Kashula's term of supervised release expired two days after the petition was filed. Respondents also assert that the points raised in the petition are all procedurally defaulted.

On April 30, 2010, United States Magistrate Judge Clifford J. Proud submitted a Report (Doc. 1 ) recommending that the undersigned District Judge deny Kashula's Petition for Writ of Habeas Corpus. The Report explains that the petition is moot in that Kashula was released from the Illinois Department of Corrections and began serving his one-year MSR term on June 10, 2007.

---

[1] The Court hereby substitutes William Manier and Angela Cheney for Illinois Department of Corrections Parole Department and Illinois Attorney General Office. *See* Rules Governing Section 2254 Cases, Rule 2(a). The Clerk of Court is directed to reflect the substitution of these parties in the docketing information for this case.

Doc. 13, Ex. A. This habeas petition was filed on June 6, 2008, four days before the expiration of the one-year term of MSR. *See Spencer v. Kemna*, **118 S.Ct. 978, 988 (1998)** (**Mootness "deprives us of our power to act; there is nothing for us to remedy, even if were disposed to do so."**). Moreover, all of Kashula's claims are procedurally defaulted. Specifically, Kashula failed to exhaust his remedies in state court and failed to demonstrate cause for his procedural error and establish prejudice resulting from that error, *i.e.*, "cause and prejudice."

The Report, sent to the parties April 30, 2010, stated that objections must be filed on or before May 17, 2010. Additionally, a "NOTICE" was sent to the parties informing them of their right to appeal by way of filing "objections" within fourteen days of service of the Report. To date, no objections have been filed by the parties, and the period in which such objections may be filed has expired. Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review. *Thomas v. Arn*, **474 U.S. 140, 149-52 (1985);** *Video Views Inc., v. Studio 21, Ltd.*, **797 F.2d 538 (7th Cir. 1986).**

The Court **ADOPTS in its entirety** Magistrate Judge Proud's Report (Doc. 15) and **DENIES** Kashula's Petition for Writ of Habeas Corpus (Doc. 1). The Court **DISMISSES** *with prejudice* this matter, and this case is now closed.

**IT IS SO ORDERED.**

**DATED this 20th day of May, 2010**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**